# United States District Court
## Northern District of Alabama
### Western Division

03 JUN -4  AM IO: I0

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| William Brown, et al., | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ]   CV-02-CO-3094-W |
| | ] |
| Monitronics International, Inc., | ] |
| | ] |
| Defendant(s). | ] |
| | ] |

**ENTERED**

JUN 0 4 2003

### Memorandum of Opinion

## I.  Introduction.

Presently before the court is a motion to remand, filed by the plaintiffs on January 21, 2003. [Doc. # 4.] The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the motion will be granted.

## II.  Facts.

Plaintiffs William Brown, Clyde Campbell, Lora Campbell, and Anita Foster-Larkin (collectively, "the plaintiffs") filed this action against defendant Monitronics International, Inc. ("Monitronics") in the Circuit Court of Sumter County, Alabama on August 13, 2002, on behalf of themselves and a putative class of similarly situated individuals residing in Alabama, Tennessee, Mississippi, and Louisiana. Plaintiffs Anita Foster-Larkin, Clyde Campbell, and Lora Campbell are citizens of the State of Alabama; plaintiff William Brown is a citizen of the State of Mississippi. The defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

The plaintiffs allege claims arising under the laws of the State of Mississippi[1] for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and a pattern and practice of consumer fraud and deceptive business practices. The claims arise out of the sale of security system monitoring services by the defendant to the plaintiffs. The plaintiffs allege that they were charged a late fee each month their monthly payments under the contract were late, which late fee was in excess of the fee contemplated by the contract between the parties. Therefore, according to the plaintiffs, the assessment of the late fee amounts to a breach of contract, a breach of the covenant of good faith, unjust enrichment, and consumer fraud. In connection with their claims, the plaintiffs seek compensatory and punitive damages; however, the complaint "specifically waive[s] any damages greater than fifty thousand dollars ($50,000) for each plaintiff or class member." [Doc. # 1, Compl.]

III.    **Standard.**

For removal under 28 U.S.C. § 1441 to be proper, the court must have subject matter jurisdiction in the case. The removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of establishing subject matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject matter jurisdiction in removed actions). Because Monitronics has invoked the court's diversity jurisdiction as the basis for

---

[1] The contracts at issue provide that they "shall be governed by the laws of the State of Mississippi." [Doc. # 1, Compl.] Neither party disputes that Mississippi substantive law applies to the plaintiffs' claims.

removal, it must prove to a legal certainty that the plaintiffs' claims necessarily exceed the jurisdictional amount. *Burns*, 31 F.3d at 1095. It can do so by establishing that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the requisite amount in controversy.]" *Id.* at 1096.

## IV.    Discussion.

Jurisdiction is proper under 28 U.S.C. § 1332 in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction is proper only where there is complete diversity between the parties; that is, no defendant can be a citizen of the same state as any plaintiff. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). However, when a complaint involves class allegations, the court should consider the citizenship of only the named parties to determine whether there is complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998). Because the named plaintiffs are citizens of Alabama and Mississippi, and because the defendant is deemed to be a citizen of both Delaware and Texas, *see* 28 U.S.C. § 1332(c)(1), complete diversity between the parties exists.

However, the court can assert diversity jurisdiction over this controversy only if the defendant, as the removing party, establishes that the amount in controversy requirement of §1332 is met. Unlike the rule with respect to complete diversity, the amount in controversy requirement must be met by each individual member of the putative class in order for the court to obtain jurisdiction over the claims. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973). In other words, the damages sought by class members generally cannot be

aggregated to establish the requisite amount in controversy. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001). Damages may be aggregated only where multiple plaintiffs have a unified, indivisible interest in a common fund. *Kirkland*, 243 F.3d at 1280.

In this case, the plaintiffs have limited their damages demand, inclusive of both compensatory and punitive damages, to no more than $50,000 per plaintiff or class member. Monitronics, however, asserts that the amount in controversy must necessarily exceed $75,000 based on the plaintiffs' claim for punitive damages. [Doc. # 1, Notice of Removal.] Monitronics argues that the nature of punitive damages under Mississippi law requires that the punitive damages claims of all plaintiffs and class members be aggregated to ascertain the amount in controversy. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1333-35 (5th Cir. 1998).

While it is true that courts in the Fifth Circuit have interpreted Mississippi law with respect to the nature of punitive damages and concluded that they should be aggregated in arriving at the amount in controversy for purposes of diversity jurisdiction, *see, e.g.*, *Allen*, 63 F.3d 1326, the Fifth Circuit cases cited by Monitronics are not binding on this court. Rather, the court must look to Eleventh Circuit law with respect to the aggregation of punitive damages through the prism of the substantive purposes served by punitive damages in Mississippi to determine whether, under binding Eleventh Circuit precedent, the court must aggregate the punitive damages sought by each plaintiff and class member to determine the amount in controversy.

The Eleventh Circuit has considered whether punitive damages sought under Alabama, *see Smith v. GTE Corp.*, 236 F.3d 1292 (11th Cir. 2001), and Georgia law, *see Kirkland*, 243 F.3d 1277, may be aggregated for purposes of establishing the amount in controversy in diversity cases. In both instances, the court held that punitive damages could not be aggregated, despite the fact that punitive damages in Alabama and Georgia serve the collective good by deterring a public wrong and punishing egregious wrongdoing on the part of the defendant, and despite the fact that an award of punitive damages is measured to reflect, not the wrong done to a single individual, but the wrongfulness of the conduct as a whole. *See Kirkland*, 243 F.3d at 1280; *Smith*, 236 F.3d at 1302. Having compared the stated purposes and functions of punitive damages under Alabama, Georgia, and Mississippi law, the court is of the opinion that there is nothing peculiar about punitive damages in Mississippi that would mandate distinguishing the instant case from *Smith* and *Kirkland*. *Compare Ex parte Moebes*, 709 So. 2d 477, 478 (Ala. 1997) ("[P]unitive damages serve not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future.") (internal quotation marks and citations omitted), *and Banks v. ICI Americas, Inc.*, 469 S.E.2d 171, 174 (Ga. 1996) ("It is well established that punitive damages in Georgia are awardable 'solely to punish, penalize, or deter a defendant.'") (citation omitted), *with Sessums Timber Co., Inc. v. McDaniel*, 635 So. 2d 875, 880 (Miss. 1994) ("A primary purpose in imposing punitive damages is to punish one engaging in grossly negligent conduct and to serve as a warning to such person and others not to engage in similar conduct in the future."), *and Temple-Inland Mortgage Corp. v. Jones*, 749 So. 2d 1161, 1168 (Miss. Ct. App. 1999) ("It is well-

established that punitive damages are not intended to compensate a party for some injury; rather, they are given as punishment to the wrongdoer to serve as a deterrent to others who might be inclined to commit similar offenses."). Therefore, notwithstanding Fifth Circuit cases interpreting Mississippi law to the contrary, the court is of the opinion that the punitive damages claimed by the plaintiffs and class members in this case should not be aggregated for purposes of establishing the requisite amount in controversy.

Because the court has determined that aggregation of punitive damages is inappropriate in assessing the propriety of removal, and because the defendant has asserted no other basis for establishing the amount in controversy, it has not proven that individual awards limited to no more than $50,000 per plaintiff and class member in this case are "outside the range of permissible awards." *Burns*, 31 F.3d at 1096. As such, it has not carried its burden in establishing that the court has subject matter jurisdiction over this case, which is therefore due to be remanded to the Circuit Court of Sumter County, whence it was improvidently removed.

## V.   Conclusion.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this _____3ᵗᵘ_____ of June, 2003.

L. Scott Coogler
United States District Judge